CLD-328                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2895
_____

IN RE:  JEROME ALLEN LOACH, SR.,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil No. 2:96-cv-08701)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 31, 2014

Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: August 13, 2014)

_____

OPINION
_____

PER CURIAM

        Pro se litigant Jerome Allen Loach, Sr., asks us for a writ of mandamus directing

the United States District Court for the Eastern District of Pennsylvania to: (1) make a

determination on his objections to a report and recommendation filed by the Magistrate

Judge on July 2, 1997; (2) permit him to amend those objections; (3) make a

determination on the Federal Rule of Civil Procedure 59(e) motion that he filed on May 22, 1998; and (4) permit him to amend that Rule 59(e) motion. He also asks us to remand his case to the District Court for an evidentiary hearing to determine why his objections and Rule 59(e) motion have not yet been ruled on, and he requests the appointment of counsel. Finally, he seeks an order granting habeas corpus relief.[1] We will deny his requests.

In December 1996, Loach filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After the case had been assigned to a Magistrate Judge, Loach filed a motion for a temporary restraining order, a motion for leave to conduct discovery, a motion to reply to the Commonwealth's answer to his petition, and a motion for a bail hearing. On July 2, 1997, the Magistrate Judge recommended granting Loach's motion to reply to the Commonwealth's answer, but denying Loach's motions to conduct discovery and for a bail hearing. She also recommended dismissing without prejudice his § 2254 petition for failure to exhaust state remedies. Loach filed objections to the report and recommendation.

On January 22, 1998, the District Judge issued an order granting Loach's motion to reply to the Commonwealth's answer and denying his motion to conduct discovery and

---

[1] In addition, Loach recently filed a motion in the District Court seeking to amend his underlying petition for a writ of habeas corpus, pursuant to Rule 15(c)(1)(B)(2) of the Federal Rules of Civil Procedure. He also sought relief from the District Court's April 14, 2000 judgment, pursuant to Federal Rule of Civil Procedure 60(b). In one order, the District Court dismissed both motions for lack of subject matter jurisdiction and as non-cognizable. Loach's appeal of that order was docketed separately at C.A. No. 14-1896.

motion for a bail hearing. It did not, however, dismiss Loach's habeas petition at that time. Several months later, Loach filed a letter demonstrating that he had exhausted state remedies and, on May 13, 1998, the District Court ordered the Commonwealth to file a "substantive answer" to Loach's § 2254 petition. Loach then sought reconsideration of the District Court's January 22, 1998 order denying his discovery and bail motions. Following an evidentiary hearing on the merits of Loach's habeas claim, the District Judge entered an order denying Loach's petition and closing the case. Although Loach sought an appeal, we denied his application for a certificate of appealability.

Fourteen years later, Loach filed the instant petition for a writ of mandamus. He seeks a ruling on his objections to the Magistrate Judge's July 2, 1997 report and recommendations, as well as a ruling on the Rule 59(e) motion that he filed on May 22, 1998. Mandamus, a "drastic remedy" available in extraordinary circumstances only, In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), is not warranted here because Loach has already received the relief he seeks. The District Court ruled on his objections on May 13, 1998, when it ordered that the Commonwealth file a "substantive answer" to Loach's habeas petition. Moreover, by denying Loach's habeas petition on the merits and ordering the District Court Clerk to close the case, it is clear that the District Court was disposing of all matters in the case and that it intended its judgment to be final. Cf. Caver v. City of Trenton, 420 F.3d 243, 261 (3d Cir. 2005).

Accordingly, we will deny the petition for a writ of mandamus.